IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GLEN TAYLOR, AIS #127254,          :

    Plaintiff,                 :

vs.                                :     CIVIL ACTION 11-00027-KD-B

LT. GANDY, *et al.*,               :

    Defendants.                :

## REPORT AND RECOMMENDATION

Plaintiff, Glen Taylor, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). Upon consideration, it is recommended that (1) Defendants Sgt. Bonner, Sgt. Jackson, Lt. Ruffin, and Officer Debose, who are located at Bullock Correctional Facility (Bullock) in the Middle District of Alabama, be dismissed without prejudice because venue is lacking over the claims against them; and (2) that Plaintiff's second, third, fifth, and sixth claims be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous. The first and fourth claims will be served on Defendants Gandy,

Abbington, and Richardson at Fountain Correctional Center (Fountain) by separate order.

**I. Amended Complaint. (Doc. 4).**

The complaint before the Court is a superseding Amended Complaint which was filed at the Court's directive because Plaintiff's original complaint was filed on an outdated form. In his Amended Complaint, Plaintiff names numerous officials with the Alabama Department of Corrections ("ADOC") as Defendants. Defendants Sgt. Bonner, Sgt. Jackson, Lt. Ruffin, and Officer Debose are not proper Defendants to this action because this Court lacks venue over the claims against them. According to Plaintiff, these individuals are employed at the Bullock Correctional Facility ("Bullock"), which is located in the Middle District of Alabama. The claims that arose at the Bullock facility are alleged to have occurred on August 11, 2010, which is earlier than those claims involving the Fountain facility. Moreover, the claims regarding the Bullock facility do not arise from the same nucleus of operative facts as those claims involving the Fountain facility. As to the Defendants employed at the Bullock facility, venue is proper in the District where those Defendants are located or where the claims against them arose, which is the Middle District of Alabama. 28

U.S.C. § 1391(b);[1] see New Alliance Party of Ala. v. Hand, 933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action). Considering that the Bullock claims arose on August 11, 2010 (id. at 8), and that there is more than adequate time to file another action before the two-year statute of limitations expires, the Bullock Defendants are due to be dismissed without prejudice for lack of venue. See Lufkin v. McCallum, 956 F.2d 1104, 1106, 1108 (11th Cir.) (the statute of limitations in Alabama for a § 1983 action is two years), cert. denied, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l).

The remaining Defendants are those individuals who are listed in Section III, namely, Ms. Gandy, Mr. Richardson, and

---

[1] Section 1931(b) provides:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Mr. Abbington.[2]  (Doc. 4 at 5-6).  Plaintiff also asserts allegations against Commissioner Allen. Because those allegations arise from the same factual basis of the claims that are properly brought in this District, those allegations will be considered by the Court.  (Id. at 10-11).

**II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing the Amended Complaint (Doc. 4) under 28 U.S.C. § 1915(e)(2)(B).[3]  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune

---

[2] The Court's complaint form advises Plaintiff that the persons listed in Section III will be deemed by the Court to be defendants to this action (Doc. 4 at 1, D) and that additional defendants may be listed on a separate page using the outline in Section III (id. at 6).  The form further advises Plaintiff that a complaint can only be brought in this Court against a defendant who is located in one of the listed counties that comprise the Southern District of Alabama. Id. at 1, B.

[3] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996.  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).  However, dismissal is now mandatory under § 1915(e)(2)(B). Bilal, 251 F.3d at 1348-49.

from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 566 U.S. ___, ___, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (quotation marks and second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 593, 595-596, 30 L.Ed.2d 652 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); see Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (observing Iqbal's overruling of GJR Investments' heightened pleading standard). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Analysis.**

   **A. First and Fourth Claims.**

Plaintiff identifies the specific claims against Defendants Gandy, Richardson, and Abbington as having occurred at Fountain. He alleges the same claim against each Defendant, "Denial of Plaintiff's liberties without due process," and the facts supporting these claims are almost identical, "Abuse of DOC Rules: Nov. 17th 2010 at Fountain Corr Facility." (Id. at 5-6).

6

Plaintiff also mentions the date of October 2010 in his claim against Defendant Gandy. (Id. at 5).

Six grounds are identified by Plaintiff to support his claims. In the first claim, Plaintiff alleges that Defendants Gandy, Abbington, and Richardson used "the threat of force using verbal and physical intimidation" to force Plaintiff to submit to a haircut. (Id. at 8). Plaintiff further alleges that "[p]ursuant to the Department of Corrections (DOC) rules governing the treatment of incarcerated person, Rule 102 of the Inmate Handbook, which requires no inmate to get a hair cut, nor states how long an inmate's hair can be." (Id. at 4). According to Plaintiff, Defendants' actions deprived him of his "liberty without due process of law as required by the Fifth and Fourteenth Amendments." (Id.). Later, in Plaintiff's fourth claim, he alleges that Defendant Abbington ordered him to cut his hair when no ADOC rules "require an inmate to comply." (Id. at 9). Plaintiff contends that this denied him due process and subjected him to cruel and unusual punishment. (Id.). Because additional information is needed to resolve these claims, the first and fourth claims, will be served on Defendants Gandy, Abbington, and Richardson by the Court.

**B. Second Claim.**

With respect to Plaintiff's second claim, he alleges that in October, 2010, when he was leaving the snack line, Defendant

7

Gandy ordered him to place some of his snack purchases into a bag being held by another inmate. (Id. at 8). Plaintiff further alleges that Defendant Gandy told him that he "was making a donation to the cause" and that he was not allowed to leave until he made the donation. (Id.). According to Plaintiff, Defendant Gandy took his property without due process of law. (Id.).

In Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), the United States Supreme Court held that the deprivation of property by persons acting under color of state law does not constitute a deprivation without due process of law when a pre-deprivation hearing is impractical and an adequate post-deprivation remedy is available at the time of the deprivation. Id. at 532-33, 104 S.Ct. at 3203-04. The Hudson Court reasoned that impracticality occurs when the loss of property occurs as a result of a "random, unauthorized act by a state employee," because it is impossible for the State to know beforehand of the deprivation, either negligent or intentional, and to provide a pre-deprivation hearing prior to the loss. Id. at 532, 104 S.Ct. at 3203 (quoting Parratt v. Taylor, 451 U.S. 527, 541, 101 S.Ct. 1908, 1916, 68 L.Ed.2d 420 (1981), overruled on other grounds Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)). Some post-deprivation remedies that have satisfied due process are administrative procedures,

8

Parratt, 451 U.S. at 543-44, 101 S.Ct. at 1917, or ordinary tort litigation procedures, Hudson, 468 U.S. at 535-36, 104 S.Ct. at 3204.

In the present action, a pre-deprivation hearing would have been impractical prior to the order requiring Plaintiff to turn over some of his snack purchases, as Defendant Gandy's action was a random and unauthorized act. Nonetheless, in Alabama, an adequate post-deprivation remedy exists. Claims for property loss incurred at the hands of state agencies or their employees may be presented for compensation to the State Board of Adjustment pursuant to the Alabama Code §§ 41-9-60, et seq. (1991 and Supp.), or the state employee may be personally liable to the inmate in an ordinary tort action. Milton v. Espey, 356 So.2d 1201, 1203 (Ala. 1978); ALA.CODE § 6-5-262 (1993). Therefore, Plaintiff had available to him at the time of the deprivation a post-deprivation remedy that would have adequately compensated him for his loss.

It is not necessary that the post-deprivation remedy be available to Plaintiff at the present time to determine whether the deprivation was with or without due process. See Parratt, 451 U.S. at 543-44, 101 S.Ct. at 1917. It is only required that an adequate post-deprivation remedy be available to Plaintiff when the deprivation occurred. Id. Because a post-deprivation remedy was available to Plaintiff at the time of his loss, the

9

deprivation of Plaintiff's snacks does not violate due process. Accordingly, Plaintiff's claim against Defendant Gandy regarding the deprivation of his snacks is frivolous and is due to be dismissed.

**C. Third Claim.**

With respect to his third claim, Plaintiff contends that Defendants Gandy and Richardson "made an attempt to deny Plaintiff due process of law and access to the court by operating under a cloak of darkness." (Doc. 4 at 8). According to Plaintiff, he complained to these two Defendants that Defendant Abbington had ordered him to get his hair cut. (Id. at 9). In response, Defendant Richardson told Plaintiff to get a haircut or he and Defendant Gandy would take Plaintiff to segregation and cut his hair. (Id.). When Plaintiff asked for their names, Defendant Richardson told Plaintiff to get out of his office and Defendant Gandy told Plaintiff his name was "Mr. Kickass." (Id.).

Plaintiff describes the claim against these two Defendants as an attempt to deny him due process and access to courts. Plaintiff does not allege that he has suffered an actual deprivation, which must occur before relief is available under § 1983. See 42 U.S.C. § 1983 ("Every person who, . . . subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges,

10

or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .") (emphasis added).

Assuming that Plaintiff had suffered an actual deprivation, the nature of which is not clear to the Court, he does not specify the due process to which he believes he was entitled in this situation, nor can the Court discern the process that would be due him as no liberty or property interest is presented in this claim. See Sandin v. Conner, 515 U.S. 472, 492, 115 S.Ct. 2293, 2304, 132 L.Ed.2d 418 (1995) ("The Fourteenth Amendment says that a State shall not 'deprive any person of life, liberty, or property, without due process of law.'"); see also Parratt, 451 U.S. at 537, 101 S.Ct. at 1914 ("Nothing in [the Fourteenth Amendment] protects against all deprivations of life, liberty, or property by the State. [It] protects only against deprivations without due process of law."); cf. Mann v. Adams, 855 F.2d 639, 640 (9th Cir.) ("There is no legitimate claim of entitlement to a grievance procedure"), cert. denied, 488 U.S. 898 (1988). Thus, no due process violation has been alleged in regard to this claim.

The other aspect of Plaintiff's claim is based on the right of access to courts. Assuming Plaintiff is alleging that he was actually deprived of this right, Plaintiff must establish that he has been frustrated or impeded in the prosecution of the

11

direct appeal of his conviction, his habeas petition, his collateral proceeding, or of a civil rights action implicating a violation of a basic constitutional right <u>and</u> that his underlying case was nonfrivolous. <u>Lewis v. Casey</u>, 518 U.S. 343, 353-54, 116 S.Ct. 2174, 2181-82, 135 L.Ed.2d 606 (1996); <u>see</u> <u>Wilson v. Blankenship</u>, 163 F.3d 1284, 1291 (11th Cir. 1998) (interpreting <u>Lewis</u>'s holding to include "direct or collateral appeals" of criminal convictions). To show that a claim is nonfrivolous, the underlying "claim must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." <u>Christopher v. Harbury</u>, 536 U.S. 403, 416, 122 S.Ct. 2179, 2187, 153 L.Ed.2d 413 (2002).

Plaintiff has not identified any underlying proceeding, let alone established that it was nonfrivolous. To the extent Plaintiff contends that the instant action constitutes the underlying proceeding, he was not denied access to the courts given that he filed this action on January 13, 2011, a short time after the complained of acts transpired in October 2010 and on November 17, 2010, and he has identified the persons who would not give him their names as Defendants in this action. <u>Lewis</u>, 518 U.S. at 351, 357, 116 S.Ct. at 2180, 2183 (requiring the inadequacy or deficiency be connected to the injury). Accordingly, Plaintiff's claim for denial of access to courts

fails to state a claim upon which relief can be granted, and as such, is due to be dismissed with prejudice as frivolous. Moore v. Plaster, 266 F.3d 928, 933 (8th Cir.) (affirming the dismissal of access-to-courts claims because the plaintiff made no showing that the dismissed underlying actions were nonfrivolous), cert. denied, 535 U.S. 1037 (2002).

**D. Fifth Claim.**

In Plaintiff's fifth claim, he alleges that he was denied due process of law when he went to Defendant Abbington's supervisors, Defendants Richardson and Gandy, who sided with Defendant Abbington and disregarded Rule 102. (Doc. 4 at 9-10). Plaintiff maintains that this was a denial of due process because ADOC provides no grievance system for inmates. (Id. at 9). However, there is no constitutional or federal right to a grievance system while incarcerated. Thomas v. Warner, 237 Fed. Appx. 435, at *2 (11th Cir. 2007) (unpublished opinion) (agreeing "with other circuits that have decided that a prisoner does not have constitutionally-protected liberty interest in an inmate grievance procedure");[4] Baker v. Rexroad, 159 Fed. Appx. 61, at * 1 (11th Cir. 2005) (unpublished opinion) (agreeing with

---

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

13

other Circuits that grievance proceedings are not constitutionally mandated), cert. denied, 549 U.S. 840 (2006); see Adams v. Rice, 40 F.3d 72, 75 (4th Cir.) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."), cert. denied, 514 U.S. 1022 (1995); Mann, 855 F.2d at 640 ("There is no legitimate claim of entitlement to a grievance procedure."); Chapman v. Louisiana Corr. Servs., CA 07-0795-WS-B, 2010 WL 1929859, at *4 (S.D. Ala. Apr. 6, 2010) ("The law is well settled that there is no constitutional right to receive a response to a grievance."). Inasmuch as no right to a grievance system exists, this claim is frivolous and is due to be dismissed with prejudice.

**E. Sixth Claim.**

Plaintiff's sixth and final claim is against former Commissioner Richard Allen for electing to deny Plaintiff and other inmates in ADOC's custody a grievance process. (Id. at 10). As discussed in Plaintiff's fifth claim, an inmate has no constitutional right to a grievance system. See supra. Accordingly, this claim against Defendant Allen is without merit and is due to be dismissed with prejudice as frivolous.

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that (1) Defendants Sgt. Bonner, Sgt. Jackson, Lt. Ruffin, and

14

Officer Debose be dismissed without prejudice because venue is lacking over the claims against them; and that (2) Plaintiff's second, third, fifth, and sixth claims be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because they are frivolous.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this **23rd** day of **June**, **2011**.

                                       **/s/SONJA F. BIVINS**
                                       **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[5] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.

---

[5]Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).

16

> Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this **23rd** day of **June**, **2011**.

/s/SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**